IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) | |
| vs. | ) ) | COMPLAINT |
| COLONY NATIONAL INSURANCE COMPANY; DeANGELO BROTHERS INC.; and AMERICAN HOME ASSURANCE COMPANY, d/b/a AIG, INC., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

The plaintiff, Union Pacific Railroad Company ("Union Pacific"), brings this declaratory judgment, breach of contract, common law and tort action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201 against defendants DeAngelo Brothers Inc. ("DBI"), American Home Assurance Co., d/b/a AIG, Inc. ("AIG") and Colony National Insurance Company ("Colony") for indemnity. In support of this action, Union Pacific states and alleges as follows:

**JURISDICTION AND VENUE**

1. Union Pacific is a railroad transportation corporation organized under the laws of the State of Delaware with its principal place of business in Omaha, Nebraska. Union Pacific owns and maintains railroad tracks over highway crossings traveled by the public.

2. AIG, based upon information and belief, is a corporation organized and existing under the laws of the State of New York with its principal place of business in New York. AIG is an insurance company in the business of providing comprehensive liability contracts for insurance.

3. Colony, based upon information and belief, is a corporation organized and existing under the laws of the State of Virginia with its principal place of business in Richmond, Virginia. Colony is an insurance company in the business of providing excess liability contracts for insurance.

4. DBI is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Hazelton, Pennsylvania. DBI and Union Pacific entered into a written Contract For Work Or Services ("Contract") for DBI to provide vegetation control in 2006 at Union Pacific's public railroad/highway grade crossings. The parties agreed in Paragraph 6 of the Contract that the courts of the State of Nebraska would have jurisdiction and venue for any issues "arising out of or connected to" the Contract, and that Nebraska law would apply to govern the same. The parties agreed in Paragraph 4 of the Contract that DBI would pay for and provide insurance coverage to Union Pacific as an additional insured with "respect to liabilities arising out of [DBI's] performance of work to the extent of the indemnity provisions herein." The parties also agreed in Paragraph 13 of the Contract that DBI would indemnify Union Pacific for all liability, losses and damages ". . . arising from or growing out of any injury to or death of any person. . . . The right to indemnity shall accrue when such . . . damage is associated with [DBI's] work performed under this Agreement . . . or any activity or omissions arising out of performance or nonperformance of this Agreement. However DBI shall not indemnify the Railroad for any portion of the loss caused by the Railroad."

5. In accordance with the terms of the Contract, DBI paid premiums to and contracted with the primary insurer AIG to provide both DBI and Union Pacific with primary insurance coverage in Policy GL 457-20-49 for DBI's operations and actions for the period of November 1, 2005 to November 1, 2006. AIG also agreed by endorsement to indemnify Union Pacific, as an additional insured, for losses connected to DBI's acts and/or work. A copy of Policy GL 457-20-49 is attached hereto and incorporated herein as **Exhibit A**.

6. In accordance with the terms of the Contract, DBI paid premiums to and contracted with the excess insurer Colony to provide both DBI and Union Pacific with excess insurance coverage in Policy AR4460029 for DBI's operations and actions for the period of November 1, 2005 to November 1, 2006. Colony also agreed to provide excess coverage and indemnify Union Pacific as an additional insured for losses connected to DBI's acts and/or work. A copy of Policy AR4460029 is attached hereto and incorporated herein as **Exhibit B.**

7. This Court has jurisdiction pursuant to 28 U.S.C. § 2201 and 28 U.S.C. § 1332 (c)(1) as this matter involves a request for indemnity from all defendants, and a request for a declaratory judgment on the insurance policies of both AIG and Colony. AIG, as an insurer, is deemed to be a citizen of the State of New York, where it is incorporated and has its principal place of business. Colony, as an insurer, is deemed to be a citizen of the state where it is incorporated and has its principal place of business which is believed to be Virginia. DBI is deemed to be a citizen of Pennsylvania who has agreed to jurisdiction in the courts of Nebraska. As such, there exists complete diversity between the parties.

8. Furthermore this Court has jurisdiction pursuant to pursuant to Neb. Rev. Stat. § 25-536(f) which states that a court may exercise personal jurisdiction over any defendant who contracts to insure any person, property or risk located within the state at the time of the contract. Union Pacific was located in this state at the time AIG and Colony contracted with DBI to insure Union Pacific as an additional insured. As such, this Court has jurisdiction by statute for the claims alleged in this lawsuit against defendants AIG and Colony.

9. Pursuant to 28 U.S.C. § 1391, venue is proper because AIG and Colony are corporations which are deemed to reside in any judicial district in which it is subject to personal jurisdiction. AIG and Colony are subject to personal jurisdiction in Nebraska by any one of the several statutes set forth above. DBI has agreed to venue in the courts of the State of Nebraska in its Contract for any issues arising out of its work. The allegations in the lawsuit against DBI arise out of its work for Union Pacific; therefore this Court is the proper venue for this claim.

10. The amount in controversy exceeds $75,000.

**FACTS**

11. Union Pacific was named as a defendant in a wrongful death action that occurred on or about May 15, 2006 in Claremore County in the State of Oklahoma ("Claremore Crossing Accident"). That claim, entitled *Betty Jay, Administratrix of the Estate of Cindy Wilson, and Victoria Wilson, by and through her Guardian Ad Litem, Cassandra Coats vs. Union Pacific Railroad Company, a foreign corporation, and Donald Wilson, an individual,* arose out of a collision between a Union Pacific train and an automobile being driven by Donald Wilson at a rail highway crossing. Betty Jay and Victoria Wilson have alleged in their claims that Union Pacific was negligent in failing to clear its right-of-way at the crossing of vegetation such as brush, shrubbery and trees; and in addition, that the existence of brush, shrubbery and trees created conditions that made the Claremore crossing ultra hazardous, necessitating additional

4

active warning devices at the crossing and that Union Pacific failed to provide such additional warning devices. Betty Jay and Victoria Wilson also alleged that Union Pacific failed to cut the vegetation at the crossing to certain specifications set forth for the existence of vegetation at rail crossing. Betty Jay and Victoria Wilson alleged that these failures caused the railroad/automobile accident.

12. The Claremore Crossing Accident was set to begin trial on January 23, 2013. Union Pacific and the plaintiffs in that claim reached a confidential agreement prior to trial to reasonably settle the bodily injury and wrongful death claims of all plaintiffs in the case. The settlement amount exceeded the coverage afforded under the terms of both of the AIG and the Colony policies. Union Pacific has paid the settlement amount to the plaintiffs and the Claremore Crossing case has been duly dismissed.

### CONTRACTUAL INDEMNITY and/or CONTRIBUTION
### DEFENDANT DBI

13. Union Pacific hereby incorporates paragraphs 1 through 12 above as though fully set forth herein.

14. Union Pacific was compelled to reasonably settle the claims of the plaintiffs in the Claremore Crossing Accident. Union Pacific obtained a release from all Claremore Crossing Accident plaintiffs and included DBI on the release.

15. DBI agreed to indemnify Union Pacific for any liability, damages, costs and/or expenses arising from or growing out of the actions of DBI. The reasonable damages that Union Pacific paid in settlement to the Claremore Crossing Accident plaintiffs arose from, grew out of, and/or were associated with the activities or omissions arising out of DBI's performance. Such damages were not the responsibility of Union Pacific.

16.     DBI has paid Union Pacific a sum equal to its self insured retention due and owing pursuant to the insurance policy issued by AIG and Colony. However to the extent the AIG and Colony refuse or fail to indemnify Union Pacific for the reasonable sums it paid in settlement to the plaintiffs in the Claremore Crossing Accident, then DBI is liable to Union Pacific in indemnity and/or contribution for the rest of the settlement sums that Union Pacific paid to the Claremore Crossing Accident plaintiffs, including all additional costs and expense associated with such payments.

## DECLARATORY JUDGMENT
## DEFENDANT AIG

17.     Union Pacific hereby incorporates paragraphs 1 through 16 above as though fully set forth herein.

18.     DBI agreed with Union Pacific for due consideration in Section 4 of its Contract to procure liability coverage insurance policies and to add Union Pacific as an additional insured under those policies. DBI paid for and received coverage under the AIG Policy GL 457-20-49. The policy provided coverage to Union Pacific as an additional insured by endorsement #001 ". . . with respect to liability for "bodily injury," "property damage" . . . caused in whole or in part, by: [DBI's] acts or omissions . . . arising out of the performance of (DBI's) operations for the additional insured(s). . . ." The plaintiff's damages at the Claremore Crossing Accident were caused in whole or in part by DBI's acts or omissions. AIG is therefore obligated to reimburse and indemnify Union Pacific up to the full amount of AIG's Policy GL 457-20-49 limits for damages paid by Union Pacific in settlement to the plaintiffs in the Claremore Crossing accident.

19.     The AIG policy also agreed separately pursuant to endorsement CG 24 17 10 01 to insure liability which DBI has assumed in all railroad contracts.  In Section 11 of the DBI/UP Contract, DBI agreed to indemnify Union Pacific for all damages, costs and/or expenses "arising from or growing out" of the actions of DBI.  The parties also agreed that the "right to indemnify shall accrue when such . . . damage . . . is associated with [DBI's] work performed under this Agreement . . . or any activity or omission arising out of performance or nonperformance of this Agreement.  However [DBI] shall not indemnify the Railroad for any portion of the loss caused by the Railroad."  The damages and losses from the Claremore Crossing Accident arose from, grew out of, and were associated with the activities or omissions arising out of DBI's performance.  Therefore for due consideration paid as premiums, AIG is obligated to reimburse and indemnify Union Pacific up to the full amount of AIG's Policy GL 457-20-49 limits for damages paid by Union Pacific in settlement to the plaintiffs in the Claremore Crossing Accident.

20.     Pursuant to 28 U.S.C. § 2201(a), Union Pacific seeks a declaration of the rights and legal obligations of the parties pursuant to the AIG insurance contract and it asks the Court to determine AIG's responsibility to indemnify Union Pacific under the policy terms.

21.     AIG's failure to indemnify Union Pacific has caused Union Pacific to incur damages in the amount of the reasonable settlement paid to the claimants in the underlying claim referenced herein, and additional consequential costs, expenses, fees, pre and post judgment interest and other losses.  Such real and consequential damages are the direct and proximate result of the actions of AIG.  Union Pacific further asks the Court to direct AIG to make such payments for damages as proven herein. Union Pacific also requests that all attorney fees be paid by AIG pursuant to Neb. Rev. Stat. § 44-359.

## DECLARATORY JUDGMENT
## DEFENDANT COLONY

22.     Union Pacific hereby incorporates paragraphs 1 through 21 above as though fully set forth herein.

23.     DBI agreed with Union Pacific for due consideration in Section 4 of its Contract to procure liability coverage insurance policies and to add Union Pacific as an additional insured under those policies. DBI paid for and received excess coverage under Colony Policy AR4460029. The Colony policy also provided coverage to Union Pacific as an additional insured if Union Pacific was added as an additional insured to any primary or underlying policy. The AIG primary policy provides that Union Pacific is to be considered an additional insured. Therefore for due consideration paid as premiums, Colony is obligated to reimburse and indemnify Union Pacific up to the full amount of Colony's Policy AR4460029 limits for damages paid by Union Pacific in settlement to the plaintiffs in the Claremore Crossing accident.

24.     Pursuant to 28 U.S.C. § 2201(a), Union Pacific seeks a declaration of the rights and legal obligations of the parties pursuant to the Colony insurance contract and it asks the court to determine Colony's responsibility to indemnify Union Pacific under the policy terms.

25.     Colony's failure to indemnify Union Pacific has caused Union Pacific to incur damages in the amount of the reasonable settlement paid to the claimants in the underlying claim referenced herein, and additional consequential costs, expenses, fees, pre and post judgment interest and other losses. Such real and consequential damages are the direct and proximate result of the actions of Colony. Union Pacific further asks the Court to direct Colony to make such payments for damages as proven herein. Union Pacific also requests that all attorney fees be paid by Colony pursuant to Neb. Rev. Stat. § 44-359.

## BREACH OF CONTRACT
## DEFENDANTS AIG & COLONY

26. Union Pacific hereby incorporates paragraphs 1 through 25 above as though fully set forth herein.

27. For due consideration DBI paid a premium to both AIG and Colony for insurance coverage on behalf of Union Pacific as an additional insured under each of their policies.

28. The AIG and Colony policies both agreed to provide coverage to Union Pacific for losses because of bodily injury or property damage as an additional insured. Under these and other terms of this policies as set forth above, and for due consideration, Union Pacific has a contractual right to be indemnified by both AIG and Colony for those damages, costs and/or expenses arising from or growing out of the actions of DBI that are associated with the Claremore Crossing Accident.

29. Union Pacific tendered its claim to AIG and Colony, and has made a demand that AIG and Colony indemnify Union Pacific for the amount of the settlement up to the full extent of its coverage, but both AIG and Colony have refused to pay such indemnity costs, expenses, fees and damages. This refusal is a breach of the contract terms between Union Pacific and AIG and Union Pacific and Colony.

30. AIG's and Colony's failure to indemnify Union Pacific has caused and/or contributed to cause Union Pacific to incur damages in the amount of the reasonable settlement paid to the claimants in the underlying claim referenced herein, and additional consequential costs, expenses, fees, pre and post judgment interest and other losses. Such real and consequential damages are the direct and proximate result of the actions of AIG and Colony.

## BREACH OF FIDUCIARY DUTY
## DEFENDANTS AIG & COLONY

31.   Union Pacific hereby incorporates paragraphs 1 through 30 as though fully set forth herein.

32.   Union Pacific is an additional insured under the AIG and Colony policies.  AIG and Colony owe a fiduciary duty to Union Pacific to act in its best interests to investigate, resolve and pay claims brought by Union Pacific.  AIG and Colony failed to timely investigate and to resolve the Claremore Crossing Accident claims arising from or growing out of any injury to or death of any person, or loss of or damage to any property, whatsoever when the liability, loss, damage, claims, demands are associated with DBI's work.  Union Pacific has demanded, but AIG and Colony have failed to indemnify Union Pacific for all losses reasonably paid to settle the claims in the Claremore Crossing Accident.

33.   In addition to a common law fiduciary duty that AIG and Colony owe to Union Pacific, the Nebraska Department of Insurance Rules § 60-210.006 – 210.008.05 also set forth duties owed by insurers who operate in this State.  AIG and Colony have failed to adhere to and have breached these duties:

(i)   60 Neb. Dept. Ins. R. 210.006 requires every "insurer, unpin receiving notification of a claim shall, within 15 days, acknowledge receipt of such notice unless payment is made within that period of time. . . .

(ii)   60 Neb. Dept. Ins. R. 210.007 requires "Every insurer shall, within fifteen days of notification of a claim, initiate investigation of any claim presented by a clamant."

(iii)   60 Neb. Dept. Ins. R. 210.008.04 requires an insurer, "in cases where there is no dispute as to coverage as to one or more portions of the insurance policy and where liability has become reasonably clear, the insurer shall offer to claimants, within 15 days of receipt of settlement information, amounts within policy limits

which are fair and reasonable as shown by the insurer's completed investigation. . . . . Payment shall be made for any such portions of the insurance policy coverage where such payment can be made without prejudice to any interested party."

 (iv) 60 Neb. Dept. Ins. R. 210.008.05 provides that "Insurers shall not fail to settle first party claims on the basis that responsibility for payment should be assumed by others, except as may otherwise be provided by policy provisions."

34. AIG's and Colony's failure to adhere to their common law and/or regulatory duties have caused and/or contributed to cause Union Pacific to incur damages in the amount of the reasonable settlement paid to the claimants in the underlying claim referenced herein, and additional consequential costs, expenses, fees, pre and post judgment interest and other losses. Such real and consequential damages are the direct and proximate result of the actions of AIG and Colony.

## BREACH OF STATUTORY DUTY
## DEFENDANTS AIG & COLONY

35. Union Pacific hereby incorporates paragraphs 1 through 34 as though fully set forth herein.

36. Union Pacific is an additional insured under the AIG and Colony policies. AIG and Colony owe a statutory duty as set forth by Nebraska law to timely investigate, resolve and pay claims for its insured, including Union Pacific. AIG and Colony have breached their statutory duties and have failed to adhere to the following obligations of insurance companies operating in Nebraska, as set forth in Neb. Rev. Stat. § 44-1540:

 (v) Failing to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies.

 (vi) Failing to adopt and implement reasonable standards for the prompt investigation and settlement of claims arising under its policies.

    (vii)    Not attempting in good faith to effectuate prompt, fair and equitable settlement of claims arising under its policies.

    (viii)    Compelling insureds . . . to institute litigation to recover amounts due under its policies by offering substantially less than the amounts ultimately recovered. . . .

37.    AIG's and Colony's breach of one, some or all of their statutory duties have caused and/or contributed to cause Union Pacific to incur damages in the amount of the reasonable settlement paid to the claimants in the underlying claim referenced herein, and additional consequential costs, expenses, attorney fees, pre and post judgment interest and other losses.  Such real and consequential damages are the direct and proximate result of the actions of Colony.

## BAD FAITH
## DEFENDANTS AIG & COLONY

38.    Union Pacific hereby incorporates paragraphs 1 through 37 as though fully set forth herein.

39.    AIG and Colony owe losses to Union Pacific as directed herein.  AIG and Colony have refused in good faith under common and Nebraska statutory law to investigate these claims in a timely manner, indemnify these claims in a timely manner, and have continued to deny indemnity under their respective policies.

40.    AIG and Colony know or have reason to know that each does not have a reasonable basis for failing to timely investigate and for denying payment of these losses under their respective policies.  AIG's and Colony's reckless indifference to facts or to proof submitted by Union Pacific amounts to a breach of its fiduciary responsibility for good faith and fair dealing with its insured.

41. As a direct and proximate result of AIG's and Colony's bad faith, Union Pacific has suffered damages in the amount of the reasonable settlement paid to the claimants in the underlying claim referenced herein, and additional consequential costs, expenses, attorney fees, pre and post judgment interest and other losses. Such real and consequential damages are the direct and proximate result of the actions of AIG and Colony.

## STATUTORY ATTORNEY FEES

42. Union Pacific requests that all attorney fees, costs and expenses it incurs in prosecuting this action against AIG and Colony be awarded pursuant to Neb. Rev. Stat. § 44-359.

## JURY DEMAND

Pursuant to Neb. L. R. Civ. Pro. 38, Union Pacific demands a trial by jury on the allegations made in this complaint for declaratory judgment.

Union Pacific hereby designates Omaha as its site for trial as the witnesses, documents, evidence and counsel are found here.

## PRAYER FOR RELIEF

WHEREFORE, Union Pacific respectfully prays for a judgment in its favor on one, some or all allegations against DBI for contractual indemnity and/or contribution for losses as set forth herein.

WHEREFORE, Union Pacific respectfully prays for a judgment in its favor on one, some or all allegations against AIG and Colony for direct and consequential damages as requested herein; for attorney fees incurred in bringing this action, for pre and post judgment interest incurred on all sums paid by Union Pacific in reasonable settlement of the underlying claim; and for further relief in equity or law that the court deems just and proper.

DATED: **March 13, 2013.**

                UNION PACIFIC RAILROAD COMPANY,
                Plaintiff,

                By: /s/ Anne Marie O'Brien
                     Anne Marie O'Brien, #18271
                     Gage R. Cobb, #24540
                     LAMSON, DUGAN and MURRAY, LLP
                     10306 Regency Parkway Drive
                     Omaha, NE 68114
                     Telephone: (402) 397-7300
                     Telefax: (402) 397-8450
                     aobrien@ldmlaw.com
                     gcobb@ldmlaw.com
                     *ATTORNEYS FOR PLAINTIFF*

562889