IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNION PACIFIC RAILROAD COMPANY, | ) ) ) | |
| Plaintiff, | ) ) | 8:13CV84 |
| V. | ) ) | |
| COLONY NATIONAL INSURANCE COMPANY, DEANGELO BROTHERS, Inc., and AMERICAN HOME ASSURANCE COMPANY, | ) ) ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiff's Motion for a Protective Order. ([Filing 70](#).) For the reasons explained below, Plaintiff's motion will be denied.

## BACKGROUND

Plaintiff brought this action against DeAngelo Brothers, Inc. ("DBI") and DBI's insurers, Colony National Insurance Company ("Colony") and American Home Assurance Company ("American Home"), seeking indemnity for a 2006 train accident that occurred in Oklahoma.

A confidential settlement agreement was reached in the underlying action involving the bodily injury and wrongful death claims arising from the train accident. DBI was not a party to the underlying action. Consequently, American Home and Colony have served requests for production upon Plaintiff seeking documents related to that suit. Before producing responsive documents, Plaintiff circulated a proposed protective order. While all parties agree that a protective order is appropriate, American Home objects to the inclusion of a provision which would require the parties to obtain a signed non-dissemination agreement from insurers, reinsurers, retrocessionaires, regulators and accountants prior to releasing confidential information to these groups.

## DISCUSSION

Generally, parties may discover relevant, non-privileged information that is reasonably calculated to lead to admissible evidence. Fed. R. Civ. P. 26. However, a court may, for good cause, issue a protective order to prevent or limit discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *Id*. The moving party bears the burden to "show the necessity of [the protective order's] issuance, which contemplates a particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements." Gen. Dynamics Corp. v. Selb Mfg. Co., 481 F.2d 1204, 1212 (8th Cir. 1973) (internal quotation omitted). When evaluating the need for a protective order, courts must "include a consideration of the relative hardship to the non-moving party should the protective order be granted." Gen. Dynamics Corp., 481 F.2d at 1212. "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36 (1984).

In this case, all parties agree that a protective order is necessary. However, American Home opposes the scope of Plaintiff's proposed order. American Home argues that the inclusion of a provision requiring insurers, reinsurers, retrocessionaires, regulators and accountants to sign a non-dissemination agreement is overly burdensome and redundant. American Home asserts that its third-party claim administer, AIG Claims, Inc. ("AIG Claims"), as American Home's affiliate, has already agreed to maintain the confidentiality of any information submitted by American Home's insureds. Moreover, American Home contends it cannot demand that regulators and reinsurers sign a non-dissemination agreement in the course of fulfilling their statutory and contractual obligations.

Plaintiff maintains that the non-dissemination provision is essential because the discovery in this case may include the production of the confidential settlement agreement reached in the underlying action, portions of defense counsel's file in the underlying action, as well as potential admissions concerning the train accident that have not been made public. Plaintiff argues that if such information was obtained by a third party, it could be subject to misinterpretation and manipulation, resulting in harm to Plaintiff. Plaintiff claims that, in connection with other litigation, sensitive information of this nature has been disclosed, much

to its detriment. In addition, Plaintiff contends that information sought regarding Plaintiff's contractual relationship with DBI is highly sensitive, in light of the competitive business atmosphere in which both companies operate. Plaintiff argues that without a requirement that third parties sign a non-dissemination agreement, the effectiveness of the protective order would be compromised because Plaintiff would have no recourse against the third-parties if they publicly disseminate Plaintiff's confidential information.

Having reviewed the matter, the Court agrees with American Home that Plaintiff's proposed protective order, which includes a provision requiring third-parties to sign a non-dissemination agreement, is unduly burdensome. The inclusion of this provision makes the scope of the proposed protective order overly broad and sweeping. It would be extremely difficult for American Home to comply with such a requirement, and enforcement of the non-dissemination provision would be unworkable as it would be virtually impossible to police. While the Court agrees that some sort of protective order is appropriate in this action, the Court does not believe a provision requiring insurers, reinsurers, retrocessionaires, regulators and accountants to sign a non-dissemination agreement is necessary to maintain the confidentiality of information exchanged in this case.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for a Protective Order (filing 70) is denied. If desired, the parties may, consistent with the rulings herein, confer and jointly submit a stipulated protective order for entry by the Court.

**DATED June 15, 2015.**

                                        **BY THE COURT:**

                                        **S/ F.A. Gossett**
                                        **United States Magistrate Judge**