# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>COLONY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 8:13CV84<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Plaintiff's Motion in Limine to Exclude Certain Witnesses from Trial, ECF No. 191. The Plaintiff, Union Pacific Railroad Company (UP), seeks to preclude Defendant, Colony National Insurance Company (Colony), from offering trial testimony of Kenneth W. Heathington, Thomas C. Jones, Timothy C. Gaarder, Grant L. Davis, and Robert Pottroff, because Colony failed to disclose their names in Colony's initial disclosures under Fed. R. Civ. P. 26(a)(1)(A)(i). For the reasons discussed below, the Motion will be granted as to Heathington and Pottroff, and denied as to Jones, Gaarder, and Davis, with the condition that Colony make these witnesses available to UP for depositions no later than February 28, 2018, at Colony's expense.

## BACKGROUND

In its initial Rule 26 disclosures, served on April 10, 2015, Colony listed the names, addresses, and telephone numbers of individuals likely to have discoverable information. Def.'s Initial Disclosures, ECF No. 193-1, Page ID 5941–43. Colony also listed: "All counsel for plaintiffs and defendants in the underlying action styled *Betty Jay, et al. v. Union Pacific Railroad Company and Donald Wilson,* No. CJ-2008-343 (In the

District Court in and for Rogers County, Oklahoma). (Subject: Claims, discovery, evidence, liability, demands, exposure and negotiations in that action)." *Id.*, Page ID 5944.

Pursuant to the Court's Fourth Amended Progression Order, ECF No. 154, all fact discovery, including depositions, was to be completed on or before September 30, 2017, and each party was to disclose to opposing counsel on or before December 1, 2017, the names, addresses, and telephone numbers of all non-expert witnesses whom the party expected to present at trial, or whom the party might call.

On December 1, 2017, Colony filed its Disclosure of Non-Expert Witnesses, ECF No. 173, listing, among others, the five individuals who are the subject of UP's Motion in Limine. Those individuals were not listed by name in Colony's initial Rule 26 disclosures, nor in any supplementary disclosures, nor in response to UP's interrogatories requesting names of witnesses and the subject matter of their testimony.

In UP's Brief in Support of its Motion in Limine, ECF No. 192, UP states that Jones, Gaarder, and Davis were among plaintiffs' lawyers in the Rogers County, Oklahoma, action (Underlying Action); Pottroff was among the defendants' lawyers; more than eleven lawyers represented the parties; and Heathington was an expert witness. Colony does not deny these assertions. In its Brief in Opposition to UP's Motion in Limine, ECF No. 202, Colony addresses only the proposed testimony of Jones, Gaarder, and Davis, plaintiffs' counsel in the Underlying Action, and states that Colony will not call Pottroff and Heathington as witnesses.

## RELEVANT RULES OF PROCEDURE

> [A] party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

Fed. R. Civ. P. 26(a)(1)(A).

> A party who has made a disclosure under Rule 26(a)—or who has responded to an interrogatory, request for production, or request for admission--must supplement or correct its disclosure or response: (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e).

> If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that . . . witness . . . at trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . .

Fed. R. Civ. P. 37(c)(1).

## DISCUSSION

Colony acknowledges it did not comply with Rule 26(a)(1)(A)(i) by providing UP with the names, addresses, and telephone numbers of Jones, Gaarder, and Davis, but Colony contends its omission was substantially justified or harmless. Colony notes that the plaintiffs in the Underlying Action were represented by a total of six attorneys, and UP had full knowledge of their names, addresses, and phone numbers. Accordingly, Colony contends it did not have an obligation to supplement its disclosures under Rule 26(e). Colony asserts that Jones, Gaarder, and Davis are key witnesses, because their

3

testimony will be needed to counter the testimony of lawyers for the defendants in the Underlying Action regarding reasons for UP's settlement of that action, relevant to allocation issues that are central in this case. Colony suggests that the appropriate remedy, if the Court deems one necessary, would be for UP to be allowed to depose Jones, Gaarder, and Davis before trial.

UP argues that Colony's failure to comply with Rule 26(a)(1)(A)(i) was not harmless, because UP could not be expected to surmise the subject of discoverable information each lawyer in the Underlying Action possessed, relevant to Colony's claims or defenses. Accordingly, UP did not depose Jones, Gaarder, or Davis, or seek documentary evidence from them. Because the trial is scheduled to begin on March 20, 2018, UP contends that leave to depose the witnesses at this late date is not an equitable remedy for Colony's failure to comply with Rule 26(a)(1)(A)(i).

The U.S. Court of Appeals for the Eighth Circuit has stated:

> When a party fails to provide information or identify a witness in compliance with Rule 26(a) or (e), the district court has wide discretion to fashion a remedy or sanction as appropriate for the particular circumstances of the case. Fed. R. Civ. P. 37(c)(1); *Trost v. Trek Bicycle Corp.*, 162 F.3d 1004, 1008 (8th Cir.1998) ("failure to disclose in a timely manner is equivalent to failure to disclose"). The district court may exclude the information or testimony as a self-executing sanction unless the party's failure to comply is substantially justified or harmless. Fed. R. Civ. P. 37(c)(1). When fashioning a remedy, the district court should consider, *inter alia*, the reason for noncompliance, the surprise and prejudice to the opposing party, the extent to which allowing the information or testimony would disrupt the order and efficiency of the trial, and the importance of the information or testimony. *Sellers v. Mineta*, 350 F.3d 706, 711–12 (8th Cir.2003); *see also Marti v. City of Maplewood*, 57 F.3d 680, 683 (8th Cir.1995) (setting forth a variety of possibly relevant factors).

*Wegener v. Johnson*, 527 F.3d 687, 692 (8th Cir. 2008).

"'[T]he exclusion of evidence is a harsh penalty and should be used sparingly.'" *Id.* (quoting *ELCA Enters. v. Sisco Equip. Rental & Sales*, 53 F.3d 186, 190 (8th Cir. 1995)).

If Colony's objective in calling Jones, Gaarder, and Davis were *solely* impeachment of UP's witnesses, then Colony's failure to identify them by name, along with the subject of the discoverable information they likely possessed, would not raise an issue under Rule 37. If Colony calls Jones, Gaarder, or Davis for any purpose other than impeachment, however, then Colony's failure to comply with Rule 26(a) was not substantially justified nor harmless. Although UP may have been aware of the names of all lawyers who represented the parties in the Underlying Action, it cannot be inferred that UP knew the subject of discoverable information each individual was likely to possess, which Colony might use to support its claims or defenses. It can be inferred that UP would have deposed Jones, Gaarder, and Davis, and may have subpoenaed documentary evidence from them, if Colony had complied with Rule 26(a).

Accordingly,

IT IS ORDERED

The Motion in Limine to Exclude Certain Witnesses from Trial, submitted by Plaintiff Union Pacific Railroad Company, ECF No. 191, is granted, in part, as follows:

> Defendant Colony National Insurance Company is precluded from calling Kenneth W. Heathington or Robert Pottroff as a trial witness; and
>
> Defendant Colony National Insurance Company is precluded from calling Thomas C. Jones, Timothy C. Gaarder, or Grant L. Davis as a trial witness, for any purpose other than impeachment, unless Defendant Colony National Insurance Company makes such witness available to Plaintiff Union Pacific for deposition, in Omaha, Nebraska, on or before

February 28, 2018, and Defendant Colony National Insurance Company bears the costs of the deposition.

The Motion is otherwise denied.

Dated this 22nd day of February, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge