# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>COLONY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 8:13CV84<br><br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on two Motions in Limine submitted by Defendant Colony National Insurance Company (Colony). In its Motion at ECF No. 216, Colony asks that a witness designated by Defendant Union Pacific Railroad Company (UP), Jay Pfeiffer, be precluded from offering testimony at trial. In its Motion at ECF No. 220, Colony asks that the testimony of UP's witness, Robert Hart, be limited to the authentication of relevant documents. For the reasons discussed below, Colony's Motions will be denied, without prejudice to assertion of objections at trial.

## DISCUSSION

This case is set for a trial to the bench, commencing on March 20, 2018. At issue is whether Colony, the excess insurer for a contractor (DBI) hired by UP to cut vegetation at a railroad crossing, must indemnify UP for part of UP's $6.5 million pre-trial settlement of an Oklahoma wrongful death action (Underlying Action).

"To prove allocation, parties can present testimony from attorneys involved in the underlying lawsuits, evidence from those lawsuits, expert testimony evaluating the lawsuits, a review of the underlying transcripts, or other admissible evidence." *UnitedHealth Group, Inc. v. Executive Risk Specialty Ins.*, 870 F.3d 856, 863 (8th Cir.

2017) (citing *Nodaway Valley Bank v. Cont'l Cas. Co.*, 916 F.2d 1362, 1365–66 (8th Cir. 1990)). "The allocation inquiry examines how a reasonable party in [the insured's] position would have valued the covered and non-covered claims. In evaluating the claims, we look to what the parties knew at the time of settlement." *Id.* "Allocation require[s] either contemporaneous evidence of valuation or expert testimony on relative value to provide a reasonable foundation for a [fact-finder's] decision." *Id.* at 865.

**I. Colony's Motion to Preclude Jay Pfeiffer from Testifying at Trial**

Colony seeks to preclude UP from presenting testimony from Jay Pfeiffer, an accident reconstructionist who conducted an investigation of the train wreck in the Underlying Action. Colony notes that, in the Underlying Action, Pfeiffer produced an affidavit stating UP complied with its legal obligation to maintain vegetation at the rail crossing, and Pfeiffer stated in his deposition that there was no vegetation in the right-of-way that would have restricted the driver's view of the train. Colony argues that UP should be limited to offering the record of Pfeiffer's testimony in the Underlying Action. Colony also argues that UP should not be permitted to call Pfeiffer as a witness because UP instructed him not to answer Colony's questions at deposition in this action, regarding whether vegetation was a proximate cause or factual cause of the accident.

UP contends that Pfeiffer is a fact witness who inspected the railway crossing area shortly after the accident, and determined that DBI did not maintain the vegetation at the crossing in conformance with UP's specifications. UP states that, at the time of settlement, UP was aware of Pfeiffer's findings with respect to the condition of the crossing and the motorist's view when approaching the crossing, and UP took those facts into consideration when entering into a settlement of the Underlying Action.

2

In the allocation trial, this Court must look to evidence of what the parties in the Underlying Action knew at the time of the settlement. *UnitedHealth Group,* 870 F.3d at 863. Colony argues that the Court should consider only information known to *both* parties in the Underlying Action at the time of the settlement, and not information known to UP alone. Accordingly, Colony asserts that the Court may not consider information known to Pfeiffer and shared with UP before the settlement, unless that information was known to the plaintiffs in the Underlying Action before the settlement. This Court concludes that Colony's position is contrary to the guidance of the Eighth Circuit in *UnitedHealth Group*: "The allocation inquiry examines how a reasonable party in [the insured's] position would have valued the covered and non-covered claims." *Id*. Accordingly, UP will not be limited to offering testimony from Pfeiffer that was shared with the plaintiffs in the Underlying Action.

With respect to Colony's assertion that UP should be precluded from offering Pfeiffer's testimony because UP instructed him not to respond to deposition questions as to whether the vegetation was the proximate or factual cause of the accident, UP states that Pfeiffer will be called as a fact witness and will not be offering any opinions as to causation. The relevant portions of Pfeiffer's deposition, ECF No. 218-4, Exhibit G, Page ID 7121-53[1], show that counsel for Colony questioned Pfeiffer about his *current* opinions as to the proximate or factual cause of the accident. Counsel for UP objected and instructed Pfeiffer not to respond to those questions, noting that Pfeiffer was not being called as an expert in the allocation case. Although counsel for Colony acknowledged that "[t]he evidence in Union Pacific's possession at the time of entering

---

[1] The relevant portions of the deposition are found at 113:10-115:5; 124:13-128:22.

into the settlement is the relevant evidence,"[2] counsel for Colony did not ask Pfeiffer whether he shared any opinions with UP as to causation before the settlement of the Underlying Action and, if so, what opinions were shared at that time. Accordingly, the fact that counsel for UP instructed Pfeiffer not to answer the deposition questions as framed by Colony's counsel is not grounds for precluding Pfeiffer from offering fact testimony at the trial on allocation, including testimony about opinions he may have shared with UP and its counsel before the settlement of the Underlying Action.

Colony's Motion in Limine to Exclude Jay Pfeiffer will be denied, without prejudice to Colony's assertion of objections at the time of trial.

**II. Colony's Motion to Limit Robert Hart's Testimony to Record Authentication**

Colony seeks to limit the testimony of Robert Hart to authentication of records. Colony notes that Hart, UP's lead counsel in the Underlying Action, stated repeatedly in his deposition that he could remember very little about the Underlying Action. Colony also notes that UP withdrew Hart as an expert witness and, therefore, Hart should be precluded from offering opinion testimony.

UP asserts that Hart's limited memory of events leading to the settlement of the Underlying Action should not prevent Hart from testifying, but may affect the weight given to his testimony by the trier of fact. This Court agrees. UP does not express any intent to elicit opinion testimony from Hart.

Colony's Motion in Limine Limiting Testimony of Robert Hart to Authentication of Records will be denied, without prejudice to Colony's assertion of objections at the time of trial.

---

[2] *Id.* at 126:5–7.

Accordingly,

IT IS ORDERED

1. Defendant Colony National Insurance Company's Motion in Limine to Exclude Jay Pfeiffer, ECF No. 216, is denied, without prejudice to assertion of objections at trial; and

2. Defendant Colony National Insurance Company's Motion in Limine Limiting Testimony of Robert Hart to Authentication of Records, ECF No. 220, is denied, without prejudice to assertion of objections at trial.

Dated this 9th day of March, 2018.

                                        BY THE COURT:

                                        s/Laurie Smith Camp
                                        Chief United States District Judge