# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNION PACIFIC RAILROAD COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>COLONY NATIONAL INSURANCE COMPANY,<br><br>Defendant. | CASE NO. 8:13CV84<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on a Motion in Limine, ECF No. 215, submitted by Defendant Colony National Insurance Company (Colony), seeking to remove certain depositions and exhibits from the scope of a Protective Order, ECF No. 84. For the reasons discussed below, Colony's Motions will be denied, without prejudice to reassertion after trial.

## DISCUSSION

This case is set for a trial to the bench, commencing on March 20, 2018. At issue is whether Colony, the excess insurer for a contractor (DBI) hired by UP to cut vegetation at a railroad crossing, must indemnify UP for part of UP's $6.5 million pre-trial settlement of an Oklahoma wrongful death action (Underlying Action).

"To prove allocation, parties can present testimony from attorneys involved in the underlying lawsuits, evidence from those lawsuits, expert testimony evaluating the lawsuits, a review of the underlying transcripts, or other admissible evidence." *UnitedHealth Group, Inc. v. Executive Risk Specialty Ins.*, 870 F.3d 856, 863 (8th Cir. 2017) (citing *Nodaway Valley Bank v. Cont'l Cas. Co.*, 916 F.2d 1362, 1365–66 (8th Cir. 1990)). "The allocation inquiry examines how a reasonable party in [the insured's]

position would have valued the covered and non-covered claims.  In evaluating the claims, we look to what the parties knew at the time of settlement."  *Id.*  "Allocation require[s] either contemporaneous evidence of valuation or expert testimony on relative value to provide a reasonable foundation for a [fact-finder's] decision."  *Id.* at 865.

On July 10, 2015, Magistrate Judge F.A. Gossett issued a Protective Order, ECF No. 84, at the joint request of the parties.  The Protective Order allowed the parties to designate information, documents, and testimony produced during discovery as "confidential," limiting the disclosure of such material to the parties, the Court, and other listed categories of persons associated with this case.  Under the Protective Order, if counsel for a non-disclosing party objected to a disclosing party's designation of material as "confidential," counsel for the non-disclosing party could notify counsel for the disclosing party, in writing, specifying the materials improperly classified and the basis for the objection.  Upon receipt of such an objection, counsel for both parties had an obligation to negotiate in good faith to resolve the objection.  If such negotiation failed, counsel for the disclosing party could file a motion with the Court within 30 days of the objection, regarding the designation of the material as confidential.  If no such motion were timely filed, the materials would no longer be considered confidential.  *Id.*

On February 13, 2018, counsel for Colony sent a written objection to counsel for UP, by email, objecting to UP's designation of the following depositions and exhibits as "confidential":  Depositions of John Ziegler, Richard Hautzinger, Robert Hart, Joseph Ferris, Jay Pfeiffer, Joe Ferguson, and Sharon Van Dyke; and Exhibits 300-302, 304-05, 308-13, 315-19, 372, 374, 383, 388, 395, 397-99, 434, 458-460, and 462.  Colony argues that the public has a common law right of access to public proceedings in

general, citing *IDT Corp. v. Ebay,* 709 F.3d 1220, 1223 (8th Cir. 2013), and a strong interest in access to the materials at issue here, because they relate to matters of public health and safety, citing *Healey v. I-Flow, LLC*, 282 F.R.D. 211, 214 (D. Minn. 2012).

Under the terms of the Protective Order, UP had until March 15, 2018, to file a motion with the Court regarding the designation of the materials as confidential. The Court finds that UP's Brief in Opposition to Colony's Motion in Limine, ECF No. 243, satisfied that requirement. In its Brief, UP argues that Colony failed to present a valid objection to UP's designation of materials as "confidential," because Colony did not state a basis for its objection, as required by the Protective Order. UP also notes that Colony will be under no disadvantage at trial by virtue of UP's designation of certain materials as "confidential," because Colony has had full access to all the materials. UP asserts the materials should remain confidential because they would be protected by attorney-client or work-product privileges, *but for* UP's limited waiver of such privileges for purposes of this allocation proceeding, and the materials could be used against UP unfairly if released to the public or to witnesses and attorneys involved in adversary proceedings with UP. Finally, UP notes it is unclear how and whether the depositions and exhibits listed by Colony in its objection will be used at trial.

With regard to Colony's *basis* for its objection, it is asserting the common law right of the public to gain access to judicial records, noting that the public interest in such access is especially strong when public health and safety are at issue.

In *IDT,* a public law center moved to unseal a complaint in a patent infringement case. 709 F.3d at 1221. The district court denied the request, and the Court of Appeals remanded the matter for the district judge to consider redaction as an alternative means

3

of protecting sensitive business information. *Id.* The Eighth Circuit recognized the common-law right of access to judicial records in civil proceedings, but noted that the right is not absolute. *Id.* at 1222 (citing *In re Reporters Comm. For Freedom of the Press,* 773 F.2d 1325, 1333 (D.C. Cir. 1985); *Nixon v. Warner Commc'ns., Inc.*, 435 U.S. 589, 597 (1978), and *In re Reporters Comm. For Freedom of the Press,* 773 F.2d 1325, 1333 (D.C. Cir. 1985)). It observed that the companies asserting confidentiality acquiesced to treatment of the complaint as a "judicial record" subject to the presumption of public access. *Id.* Because the presumption of public access therefore attached, it was incumbent upon the district judge to "consider the degree to which sealing a judicial record would interfere with the interests served by the common-law right of access and balance that interference against the salutary interests served by maintaining confidentiality of the information sought to be sealed." *Id.* at 1223.

In *Healey*, a U.S. Magistrate Judge in the District of Minnesota unsealed certain documents in an action brought against the manufacturer of a medical pain pump. 282 F.R.D. at 216. The Magistrate Judge quoted *Grove Fresh Distribs., Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 898 (7th Cir. 1994), for the proposition that "the common law right of access applies to all 'judicial decisions and the documents which comprise the bases for those decisions.'" *Id.* at 214. He noted that the party seeking to maintain confidentiality has the burden of overcoming the presumption of public disclosure by demonstrating compelling reasons for confidentiality, such as the likelihood that disclosure will harm the party. *Id.* at 215 (citing *In re Neal*, 461 F.3d 1048, 1053 (8th Cir. 2006)). He also observed that such questions of fact should be resolved by the

4

court after receiving evidence. *Id.* at 214 (citing *In re Iowa Freedom of Info. Council*, 724 F.2d 658, 663 (8th Cir. 1983)).

Here, only one of the exhibits listed by Colony in its objection, 318, was received into evidence at the pretrial conference. *See* Order on Final Pretrial Conference, ECF No. 237, Page ID 8122. It is unclear at this time whether the other exhibits and depositions will be offered and received, or used at trial in any other manner. In its Reply Brief, ECF No. 246, Colony "limits its challenge to the Documents that are actually used at trial by Union Pacific or Colony." *Id.* at Page ID 8279.

Colony appears to concede that the depositions and exhibits listed in its objection are not yet "judicial records" subject to the presumption of public access, and it would be premature for the Court to attempt to rule on Colony's objection. If the exhibits and depositions listed by Colony in its objection are received into evidence at trial, Colony may reassert its objection to UP's designation of the exhibits and depositions as "confidential." At that time, the Court will determine whether the material is a "judicial record," subject to the presumption of public access; and, if so, will conduct a review of such material to weigh the competing interests and determine whether UP has overcome the presumption of public disclosure.

Accordingly,

IT IS ORDERED:

Defendant Colony National Insurance Company's Motion in Limine Regarding Confidentiality and Sealing of Materials, ECF No. 215, is denied, without prejudice to reassertion after trial.

Dated this 13th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge